581 A.2d 702

**SOCIETY HILL CARRIAGE COMPANY and Robert F. Dougherty, d/b/a Outback Farm, Petitioners,**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1990.

Decided Oct. 23, 1990.

Barry F. Penn, Law Offices of Barry F. Penn, Philadelphia, for petitioners.

Karen Oill Moury, Asst. Counsel, with her, H. Kirk House, Deputy Chief Counsel, and John F. Povilaitis, Chief Counsel, Harrisburg, for respondent.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Society Hill Carriage Company and Robert F. Dougherty, d/b/a Out Back Farm (Petitioners) appeal from orders of the Pennsylvania Public Utility Commission (PUC) which cancelled the Petitioners' certificates of public convenience. We affirm.

Petitioners operate businesses that were authorized by the PUC to transport persons, by horse-drawn vehicle, in the city and county of Philadelphia. The PUC issued orders to show cause why the Petitioners' certificates of public convenience should not be revoked to conform to the PUC's policy statement at 52 Pa.Code § 41.20. This section states as follows:

A provider of horse and carriage services is not a "common carrier" under 66 Pa. C.S. § 102, and is not subject to the Commission's jurisdiction.

The Petitioners each responded to the orders by admitting all the assertions of the orders and requesting the PUC to continue to regulate the horse and carriage industry for the good of the industry. The PUC, after noting that the facts were undisputed and a hearing was unnecessary, concluded that the Petitioners are not in the business of transportation but rather in the business of entertainment in which transportation is merely incidental. The PUC held that the

Petitioners were not common carriers pursuant to Section 102 of the Public Utility Code, 66 Pa. C.S. § 102 (Code). This section provides as follows:

> Common Carrier. Any and all persons or corporations holding out, offering, or undertaking, directly or indirectly, service for compensation to the public for the transportation of passengers or property, or both, or any class of passengers or property, between points within this Commonwealth, by, through, over, above, or under land, water or air, and shall include forwarders, but shall not include contract carriers by motor vehicles, or brokers, or any bona fide cooperative association transporting property exclusively for the members of such association on a nonprofit basis.

On appeal to this court,[1] the Petitioners raise one issue: whether the PUC erred as a matter of law in determining that the Petitioners' horse-drawn carriage businesses are not common carriers under the Code.

What constitutes a common carrier is a question of law, but whether one claiming to be a common carrier has by his method of operation brought himself within that definition is a question of fact to be determined from the evidence. *Dairymen's Co-op. Sales Association v. Public Service Commission of Pennsylvania*, 115 Pa.Superior Ct. 100, 174 A. 826 (1934), *aff'd*, 318 Pa. 381, 177 A. 770 (1935). The Petitioners argue that the PUC ruled improperly when it declared that all horse-drawn vehicles are not common carriers. Petitioners argue that customers utilize their services for transportation. It is undisputed that their businesses operate primarily out of the Independence Hall area from which they offer long or short trips through the city, and that some passengers embark at Independence Hall and others are picked up along the way. The Petitioners argue that their businesses provide transportation with-

---

1. This court's scope of review of a PUC decision is limited to determining whether constitutional rights were violated, an error of law was committed, or whether findings of fact are supported by substantial evidence. *Huntingdon, Inc. v. Pennsylvania Public Utility Commission*, 76 Pa.Commonwealth Ct. 387, 464 A.2d 601 (1983).

in the city and therefore they are common carriers under the Code.

■ The PUC concedes that the vehicles operate as above described without a specified pattern. However, the PUC concluded in pertinent part as follows:

> If a patron's primary goal is to reach a destination, he is unlikely to opt for a carriage, in lieu of a bus, taxi or limousine, to transport him to that destination. The fact that a horse and carriage ride may also happen to provide the patron with an alternate means of transportation does not convert an amusement ride into "transportation" under the [Code].

*Pennsylvania Public Utility Commission v. Society Hill Carriage Co., Ltd.* (Pennsylvania Public Utility Commission, No. A–00105865, August 31, 1989) at 2.

We find the case at bar to be analogous to *Protective Motor Services Company v. Pennsylvania Public Utility Commission*, 4 Pa.Commonwealth Ct. 75, 286 A.2d 30 (1972). In *Protective Motor Services*, a security company that picked up money from banks and delivered it to ships arriving at the Port of Philadelphia sought contract carrier status from the PUC. The PUC denied the application holding that it did not have jurisdiction. This court affirmed, holding that the transportation aspect of the security company was incidental to the company's security activities and therefore, the PUC did not have jurisdiction to grant contract carrier status.

In *Protective Motor Services*, this court accepted the PUC's analysis regarding whether the transportation aspect of an enterprise was primary or incidental to the enterprise. The court held that a mere incidental function of an enterprise is insufficient to gain status as a contract carrier under the Code. In the case at bar, the transportation involved in Petitioners' enterprise is merely incidental to the primary function which is to entertain passengers. Therefore, we conclude that, as a matter of law, Petitioners'

horse-drawn carriage businesses are not common carriers under the Code.

Accordingly, we affirm.

## ORDER

AND NOW, October 23, 1990, the orders of the Pennsylvania Public Utility Commission in the above-captioned matter are affirmed.